**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 24-3044, 24-3045

_____

IN RE: JAB ENERGY SOLUTIONS II, LLC,
Debtor

ALLISON MARINE HOLDINGS LLC
Appellant

_____

On Appeal from the United States District Court for the
District of Delaware
(District Court Nos. 1:23-cv-01083, 1:23-cv-01085)
District Court Judge: Honorable Colm F. Connolly

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2025

(Filed: July 15, 2025)

Before:  SHWARTZ, FREEMAN, and RENDELL, *Circuit Judges*.

_____

O P I N I O N*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Allison Marine Holdings LLC ("AMH") appeals the District Court's order that interpreted JAB Energy Solutions II's ("JAB" or "Debtor") Chapter 11 plan of liquidation to allow the Liquidating Trustee to sue AMH for alleged breaches of corporate duties. In so doing, the District Court disagreed with the Bankruptcy Court's ruling that AMH was not subject to suit under the plan. We disagree with the District Court and will reverse its order in part, affirming in other respects.[1]

## I.

AMH was the sole "member" and "manager" of JAB. *In re JAB Energy Sols. II, LLC* (*JAB II*), 663 B.R. 632, 637 (D. Del. 2024). The issue on appeal is whether AMH is an "Insured Person" under an insurance policy issued to AMH such that the Plan assigned to the Trustee the right to bring certain claims against AMH.

The confirmed plan of liquidation assigned certain claims of JAB to a Liquidating Trust managed by a Liquidating Trustee as follows:

> 3.37 "<u>D&O Insurance Assigned Claims</u>" means . . . any and all claims and causes of action belonging to the Debtor or the Estate, only to the extent such claims and causes of action are covered under any applicable policy of insurance belonging to the Debtor or the Estate, against Brent Boudreaux and *any other person qualifying as an "Insured Person" under that certain Management Liability Solutions 2.0 Insurance Policy, Policy No. DPLE320442, Policy Form Number D56100-G . . . .*

---

[1] AMH also appeals from the District Court's ruling that the Liquidating Trustee can recover amounts in excess of those covered by insurance policies, but because we agree with AMH that it is not subject to suit, we need not reach that issue.

Appx 138 (emphasis added). That definition, in turn, referred to an insurance policy issued to AMH, which defined "Insured Person" to include "all **Executives**" and "all **Employees**." Appx 735.[2] "Executives" was defined as "all persons who were, now are, or shall be directors, officers, management committee members, advisory committee members, members of the Board of Managers or natural person general partners of the **Company**." *Id.*

After the plan was confirmed, the appointed Liquidating Trustee initiated two proceedings. First, the Liquidating Trustee filed a motion in the Bankruptcy Court seeking clarification that AMH was an "Insured Person" subject to suit under the above definitions (and also that such a lawsuit could seek damages in excess of the insurance policy limits). Second, the Liquidating Trustee sued AMH, Brent Boudreaux, and others in the Southern District of Texas, alleging breaches of corporate fiduciary duties. *Lefoldt v. Boudreaux*, No. 4:23-cv-3331 (S.D. Tex. filed Sept. 6, 2023).

AMH opposed the Liquidating Trustee's motion on both procedural and substantive grounds. Procedurally, AMH urged the Liquidating Trustee's motion should have been an adversary proceeding because it sought a "determin[ation]" of the Liquidating Trust's "interest" in JAB's claims against AMH. Fed. R. Bankr. P. 7001(b).[3] AMH also asserted the Bankruptcy Court should have declined to consider the Liquidating Trustee's motion due to parallel litigation in the Southern District of Texas.

---

[2] The policy was issued to AMH but also covered JAB.

[3] At the time this subsection was labeled subsection (2).

3

On the merits, AMH contended it was not an "Insured Person" because it was not any of the persons listed as "Executives." The Bankruptcy Court concluded it did not need to decide whether the Liquidating Trustee's motion should have been an adversary proceeding because any error in that regard was harmless, given that the record was fully developed. On the merits, the Bankruptcy Court agreed with AMH that it was not an "Insured Person." The Bankruptcy Court reasoned that despite being a "manager," AMH was not a member of JAB's "Board of Managers," and it would be "surprising if a corporate entity would fit within the definition of 'Executive,' which term certainly brings to mind a natural person rather than a corporation." *In re JAB Energy Sols. II, LLC* (*JAB I*), 655 B.R. 76, 83 (Bankr. D. Del. 2023).

On appeal, the District Court concluded the Liquidating Trustee's motion did not need to be an adversary proceeding because it merely sought an interpretation of the plan, and the Bankruptcy Court did not err in deciding the motion notwithstanding the case pending in Texas. On the merits, it disagreed with the Bankruptcy Court, and decided that AMH was an "Insured Person" because it was JAB's sole member-manager and therefore belonged to a one-member "Board of Managers." It also reasoned that because the definition of "Executive" included the qualifier "natural person" only for general partners, "[i]t follows as a matter of logic and grammar that the other five types of Executives need not be natural persons." *JAB II*, 663 B.R. at 643.

AMH now appeals to this Court.

4

II.[4]

A.

We agree with the Bankruptcy Court that AMH is not an "Insured Person" under the policy because it is not any of the persons listed as "Executives": it is not a "director[]," "officer[]," "management committee member[]," "advisory committee member[]," "member[] of the Board of Managers," or "natural person general partner[]." Appx 735.

The District Court adopted the Liquidating Trustee's theory that AMH, as the sole member of a member-managed LLC, is a member of JAB's one-member "Board of Managers." The problem with this theory is that JAB did not have a Board of Managers. If the policy had said "manager," AMH might well be included. But treating AMH as a member of a nonexistent "Board" reads that term out of the policy. *See Kuhn Constr., Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 396–97 (Del. 2010) ("We will read a contract as a whole and we will give each provision and term effect, so as not to render any part of the contract mere surplusage.").

The District Court was also persuaded by Black's Law Dictionary's definition of "Board of Managers" as "[t]he governing body of a corporation, partnership, association,

---

[4] The Bankruptcy Court had jurisdiction over the Chapter 11 proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157, and "jurisdiction to interpret and enforce its own prior orders," *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the Bankruptcy Court's legal determinations de novo, *In re Trump Ent. Resorts*, 810 F.3d 161, 166–67 (3d Cir. 2016), but review the Bankruptcy Court's interpretation of its own confirmed plan for abuse of discretion, *In re Shenango Grp. Inc.*, 501 F.3d 338, 346 (3d Cir. 2007).

or other organization, elected by the shareholders or members to establish policy, elect or appoint officers and committees, and make other governing decisions" (by reference to "board of directors"). *JAB II*, 663 B.R. at 643 (quoting "Board of Directors," Black's Law Dictionary). The foregoing definition may accurately a describe a "Board of Managers" if JAB had one, but does not change the fact that JAB did not.[5]

We also do not agree that the special limitation of "general partner" to natural persons suggests an intent to expand the other categories of "Insured Person[s]" to corporate entities. The terms "director[]," "officer[]," "management committee member[]," "advisory committee member[]," and "member[] of the Board of Managers," inherently suggest natural persons. But since general partners can be corporate entities, it makes sense to specifically qualify that one term. And indeed, the fact that all listed persons are "Executive[s]," a term that also suggests natural persons, shows there was no implied intent to extend "members of the Board of Managers" to corporate entities.[6]

Finally, there is no oddity in excluding AMH, the policyholder, from the definition of "Insured Person," since it is undisputed that AMH is covered separately, along with JAB itself, as the "Company." Appx 734, 801.

---

[5] We note that, under Delaware law, members of a Board of Directors must be natural persons. 8 Del. Code § 141.

[6] "Under *noscitur a sociis*, a canon of construction meaning 'it is known by its associates,' an ambiguous contractual term may be interpreted by the words immediately surrounding it." *In re Morrow Park Holding LLC*, No. CV 2017-0036-PAF, 2022 WL 3025780, at *18 (Del. Ch. Aug. 16, 2022) (footnote omitted).

For these reasons, we will reverse this aspect of the District Court and reinstate the Bankruptcy Court's ruling that AMH is not an "Insured Person" susceptible to suit under the plan of liquidation.

B.

We see no reason to disturb the Bankruptcy Court's ruling on procedural grounds. Treating the Liquidating Trustee's motion as an adversary proceeding would have produced no meaningful difference in the record, which concerned only the interpretation of plan language. Any procedural error would therefore be harmless. Also, it was within the Bankruptcy Court's discretion to rule on the Liquidating Trustee's motion despite parallel litigation in the Southern District of Texas. Given that the Liquidating Trustee had initiated both proceedings, there was no plausible accusation of a "race for res judicata," *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989), and the Bankruptcy Court was an appropriate forum to "construe and enforce provisions of the [p]lan," *In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3d Cir. 2004).

III.

For these reasons, we will reverse the judgment of the District Court in part on the issue of whether AMH is an "Insured Person" that may be sued under the plan of liquidation. Otherwise, we will affirm.[7]

---

[7] Except, as noted above, we do not reach the issue of whether the Liquidating Trustee could have sought damages in excess of the insurance policy limits.